[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Joseph Malizia and Karen Malizia, brought this action against the defendants, Philip Marini, Jr. and Silvano Taccone, d/b/a P S Paving, in three counts, breach of contract, negligence and violation of General Statutes § 42-110 (b), the Connecticut Unfair Trade Practices Act (CUTPA). The action arose out of asphalt and related work performed by the defendants on two driveways on properties owned by the CT Page 11572 plaintiffs.
On October 15, 1996, the parties stipulated that judgment should enter in favor of the plaintiffs with regard to the third count of the complaint involving CUTPA. The matter than proceeded to a hearing in damages before Attorney Robert A. Skovgaard, an attorney trial referee, in accordance with General Statutes §52-434 (a) and Practice Book § 428. The referee determined that the defendants' paving work was performed in an unworkmanlike manner, and also that the defendants had violated General Statutes § 20-418 et seq., the Home Improvement Act (HIA). This, in turn, results in a violation of CUTPA. General Statutes § 20-427 (c). The referee recommended that judgment enter in favor of the plaintiffs for $5,200, representing the cost of repairing the defendants' work. The referee also recommended that a hearing be scheduled to determine the amount of attorney's fees to which the plaintiffs were entitled by virtue of the violations of the above statutes.
The defendants did not move to correct the report; Practice Book § 438; or file exceptions; Practice Book § 439; or file objections; Practice Book § 440; with respect to the underlying report and recommendations of the referee regarding damages in the amount of $5,200. Judgment therefore enters at this time in favor of the plaintiffs in that amount.
The defendants did, however, file a motion to correct the report insofar as it recommended that the court schedule an evidentiary hearing to determine the amount of attorney's fees to be awarded. The defendants claim that since the plaintiffs did not offer any evidence at the trial before the referee on this subject, they should not be permitted to do so at a subsequent hearing. The referee denied this motion to correct and cited Gillv. Petrazzuoli Bros., Inc., 10 Conn. App. 22, 29 (1987), as authority for the setting of attorney's fees in a second hearing, at which the amount of time spent by an attorney can be more accurately determined.
The court agrees with this recommendation of the referee. SeeFamily Financial Services, Inc. v. Spenser, 41 Conn. App. 754,771-72, 677 A.2d 479 (1996). Therefore, an evidentiary hearing will be held in accordance with General Statutes § 42-110g
(d) on December 17, 1997, at 9:30 a.m. Counsel will be advised by the Case Flow office on that date as to the exact court room location for the hearing. CT Page 11573
So Ordered.
Dated at Stamford, Connecticut, this 28th day of November, 1997.
William B. Lewis, Judge